**Eddie WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39214.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 20, 1966.

No Attorney of Record on Appeal, for appellant.

Henry Wade, Dist. Atty., James H. Miller, James B. Zimmermann and W. John Allison, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is murder; the punishment, fifty years.

The state's evidence was undisputed that the deceased was killed by a bullet fired from a 30.06 rifle in the hands of appellant. The killing occurred in the city of Dallas in the vicinity of the intersection of Sanger and Ervay Streets. Witnesses to the killing testified that shortly before 10 p. m. on the night in question the appellant was seen standing behind a telephone pole in front of a liquor store, with the rifle in his hand. At such time he was looking across the street where three people, one of whom was the deceased, were arguing. Appellant walked across the street to where the three were standing and proceeded to put the rifle in the deceased's side. The deceased started backing toward the street, with his hands in the air, and appellant followed and punched him in the side with the rifle. As the deceased was backing with his hands in the air, appellant said " 'If you scratch, I'll kill you,' " to which the deceased replied " 'I ain't got nothing, man.' " After the deceased had backed into the street, the fatal shot was fired and the deceased fell to the ground.

Appellant was taken into custody at the scene by two city detectives who were in the vicinity at the time. They also took possession of the rifle, which at the time contained one spent shell and two live cartridges in the magazine.

Testifying as a witness in his own behalf, appellant related that, prior to the shooting on the day in question, he and the deceased, who was his third cousin, had been together, drinking. There had been an argument between them over a knife and some cigarettes which were missing from his apartment. Appellant stated that after the argument he left his apartment with his rifle and went to the street intersection near the the liquor store, where he saw the deceased and another cousin, Lee Allan Buster, coming up the street. Appellant then stood by the telephone pole and told Lee Allen to take a pistol out of the deceased's pocket. After Lee Allen took an object out of the deceased's pocket the deceased walked out in the street and appellant motioned to him with the rifle to go on. Appellant stated that when the deceased walked up to his right the barrel of the rifle hit the asphalt and the deceased fell. Appellant swore that he did not pull the trigger intentionally and that he did not intend to fire at the deceased.

The court submitted to the jury the issue of appellant's guilt of murder with and without malice, aggravated and simple assault, and also submitted the defense of accident.

The jury by their verdict rejected appellant's explanation of the killing, and we find the evidence sufficient to sustain the judgment of conviction.

The record contains no formal bills of exception and there were no objections to the court's charge.

In his second amended motion for new trial, appellant's sole complaint was that the court erred in permitting the state to show that there was blood on the rifle from which the fatal shot was fired.

The record reflects that after appellant had testified that he was at least fifteen or twenty feet from the deceased when the shot was fired, the state recalled Dr. Earl Forrest Rose, the Dallas County medical examiner who performed the autopsy upon the deceased and who gave a further description of the wound on the deceased. He described the same as a loose contact type of wound where the muzzle of the gun was in loose contact up to a half inch from the skin.

Chemist Louie Anderson, of the Dallas County criminal investigation laboratory, was then called and testified that he ran a test on certain foreign material on the front portion of the barrel of the rifle and determined that it was blood. The chemist testified that he was unable to determine whether it was human blood because the stain was too old at the time the test was made.

Appellant objected to the chemist's testimony on the ground that it had not been shown that it was the deceased's blood on the rifle and was therefore immaterial and prejudicial.

We perceive no error in permitting the state to make such proof.

The rifle used by appellant in the killing was introduced in evidence without any objection from appellant.

There was a conflict in the testimony as to whether the deceased was shot from close range or from a distance. Witnesses for the state swore that just before the shot was fired appellant was pushing the deceased with the barrel of the rifle. This was in conflict with appellant's testimony that when the shot was fired he was between fifteen and twenty feet from the deceased.

Proof that there was blood on the rifle would tend to shed light on the conflict in the testimony as to where the rifle was located when the fatal shot was fired.

The judgment is affirmed.

Opinion approved by the court.